PITMAN, J.
*79 We grant rehearing to reconsider the trial court’s order denying Lexington National Insurance Corporation’s petition for declaration of nullity of judgment of bond forfeiture. For the following reasons, we affirm the trial court’s order.
On February 1, 2016, Richardson appeared in court and received notice that his trial date was maintained for March 7, 2016. When Richardson failed to appear in court on March 7, 2016, the trial court issued a bench warrant and bond forfeiture. At the bond forfeiture hearing on March 18, 2016, the state introduced as evidence the bills of information, the appearance bonds, the powers of attorney and certified minutes of the district court. The certified minutes from February 1, 2016, stated that Richardson was present in court and that the trial date was maintained for March 7, 2016. The state provided sufficient evidence pursuant to La. C. Cr. P. art. 349.2(A) for Richardson’s bond to be forfeited,
Lexington’s argument that it did not receive notice after Richardson’s failure to appear in court on October 27, 2014, is not relevant to the March 18, 2016 bond forfeiture judgment. As stated by the trial court in its opinion, the December 14, 2015[1] letter from AA Class Bail Bonds “acknowledged the validity of the original bond and that the surety had not been released.” Following this letter from AA Class Bail Bonds, Richardson was present in court for all hearings until he failed to appear on March 7, 2016. Through his appearance in court on February 1, 2016, Richardson was properly notified of the March 7, 2016 trial date. These are the relevant facts upon which the trial court granted the judgment of bond forfeiture.
For the foregoing reasons, we affirm the order of the district court in favor of the State of the Louisiana and against Lexington National Insurance Corporation. Costs of this appeal are assessed to Lexington National Insurance Corporation.
AFFIRMED.
APPLICATION FOR REHEARING
Before DREW, PITMAN, GARRETT, STONE and BLEICH, JJ.
Rehearing denied.

. We note that the original opinion erroneously states that the date of this letter is December 15, 2015. The correct date is December 14, 2015.